## COMMONWEALTH *vs.* GEORGE R. AUSTIN.

The judge presiding at a criminal trial may exclude from the panel jurors who state, in answer to his questions, that they have formed and hold such an opinion of the unconstitutionality of the statute on which the prosecution is founded, that, if persisted in, they cannot convict the defendant, whatever the evidence may be.

A refusal of the presiding judge to allow the defendant's counsel in a criminal case to read to the jury the whole of the statute, upon one section of which the prosecution is founded, is no ground of exception, if he is allowed to read all those parts which he contends affect the construction of that section, and to comment to the jury upon the whole of the statute.

COMPLAINT on *St.* 1855, *c.* 215, § 15, for unlawful sales of intoxicating liquors. At the commencement of the empanelling of the jury in the court of common pleas, *Perkins*, J., on motion of the district attorney, interrogated several of the jurors whether they had any interest in the cause, or were related to the defendant, or had expressed or formed any opinion of the matters involved in the issue, or were sensible of any bias. The judge also asked the jurors "whether they had formed or expressed or now held any opinion in relation to the matters in this case to be tried, which, if persisted in, would prevent their finding a verdict of acquittal or conviction according to the evidence, upon the law and the facts which should be submitted to them." Two of the jurors answered that they had formed and now held an opinion that the statute on which the prosecution was founded was unconstitutional; that that opinion was such that, if persisted in, they could not find a verdict of conviction according to the evidence upon the law and facts to be submitted, whatever it might be; but that they had no knowledge of the facts of this particular case. These jurors were set aside, by direction of the court, and against the objection of the defendant; and did not sit upon the jury at the trial.

After all the evidence for the commonwealth had been introduced, the defendant's counsel proposed to read to the jury the whole of said statute, for the purpose, as he stated, of arguing to the jury, that its provisions were inconsistent with the Con-

stitution of the Commonwealth. The judge allowed him to read those sections which he contended affected the construction of § 15, on which this complaint was founded; but refused to let him read the other parts of the statute. The defendant's counsel, at the commencement of his argument to the jury, again proposed to read the whole statute to them in the course of his argument; but the judge ruled as before. The defendant's counsel declined to read any part of the act unless he could read the whole; but afterwards, with the consent of the court, assumed that the whole of the statute was known to the jury, and commented on its several provisions, and argued from them that it was unconstitutional. He also read such parts of the Constitution as he chose, and compared them with the statute, and argued to the jury that they had the right to decide, and ought to decide, whatever might be the ruling of the court upon the law, that the statute was unconstitutional. The judge instructed the jury that the section on which this complaint was made was constitutional.

The defendant, being convicted, alleged exceptions.

*S. A. Brown,* for the defendant. 1. By *St.* 1855, *c.* 152, the jury have the same right as the court to determine the law. Their opinion upon the constitutionality of a particular law was therefore no more ground for setting them aside, than a judge's opinion upon the same subject would be for not trying a case before him. But the two rejected jurors did not state that their opinions were unalterably fixed; and there was room for a change of their opinions upon hearing the arguments of counsel, and the instructions of the court. They should therefore have been allowed to sit in the case.

2. The defendant certainly had the right to argue the law to the jury. *Commonwealth* v. *Porter,* 10 Met. 263. *St.* 1855, *c.* 152. It necessarily follows that he had the right to read to the jury the whole statute, which purported to be one general system of regulation or prohibition of the business of manufacturing and selling intoxicating liquors.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

This case was decided on the 27th of August 1857.

BY THE COURT. 1. These jurors were rightly excluded. When the trial was had, it had not been judicially determined that the jury had not the right to pass upon the law. The decision of that point in *Commonwealth* v. *Anthes*, 5 Gray, 185, has now rendered this question unimportant.

2. It is essential to the proper conduct of trials, that the extent to which books may be read to the jury should be within the discretion of the court. By that discretion, as exercised in this case, sufficient latitude was allowed to the defendant's counsel. *Exceptions overruled.*